824 So.2d 371 (2002)
Golda ARDOIN
v.
Kipling Korner GROCERY.
No. 01-1596.
Court of Appeal of Louisiana, Third Circuit.
April 17, 2002.
*372 Scott James Pias, Attorney at Law, Lake Charles, LA, for Golda Ardoin.
Frank Edward Brown III, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Kipling Korner Grocery.
Court composed of JOHN D. SAUNDERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
SAUNDERS, J.
This appeal arises out of a dispute over workers' compensation benefits. The trial court ruled in favor of the Claimant and awarded benefits while denying penalties and attorney fees. From this judgment, both the Defendant and the Claimant appeal.

FACTS AND PROCEDURAL BACKGROUND
On July 26, 2000, the Claimant, Golda Ardoin, was employed by Kipling Korner Grocery Store as a grill cook. In the course and scope of her employment, the Claimant injured her back while attempting to lift a fifty-pound sack of onions.
Ms. Ardoin testified that shortly after arriving at work she was instructed to stock cold drinks in the cooler. As she attempted to open the cooler door, she noticed onions in the middle of the doorway that obstructed her entrance to the cooler. In order to stock the cooler, she had to move the onions out of the way. In the process of moving the onions, she felt something "pop" in the lower part of her back.
Soon afterwards, Ms. Ardoin informed a co-worker, Pam Cryar, that she had hurt her back while moving the onions. Ms. Ardoin completed her work that day and went home. Upon returning home, she discussed her injury with her husband. The next day, Ms. Ardoin returned to work and reported the injury to the store manager, Lorena Pitre. Ms. Ardoin informed Ms. Pitre that she injured her back the previous night when moving onions. As a result, she informed Ms. Pitre that she would have difficulty performing her usual job duties. Ms. Pitre informed Ms. Ardoin that if she could no longer do her job she would no longer be employed by the store. Thereafter, Ms. Ardoin attempted to speak with the store owner, Sharon Nothnagel. Because Ms. Nothnagel was not at the store at the time, Ms. Ardoin was unable to contact her.
*373 Due to her injury, Ms. Ardoin first sought treatment from her family physician, Dr. Etiene R. Brown, who treated her for a pulled muscle. Still in pain, Ms. Ardoin was treated by Dr. Warren W. Grimmel, who recommended that she see an orthopedic surgeon. Following Dr. Grimmel's recommendation, Ms. Ardoin was treated by Dr. Dale Bernauer. After testing and evaluation, Dr. Bernauer determined that Ms. Ardoin was unable to return to work and recommended surgery.
Due to her injury, Ms. Ardoin filed a claim for workers' compensation. The claim was denied by her employer asserting that Ms. Ardoin did not have an accident in the course and scope of her employment. Ms. Ardoin filed suit and a trial followed on June 7, 2001. After oral argument, the workers' compensation judge ("WCJ") ruled that Ms. Ardoin was entitled to workers' compensation benefits, and awarded her payment of medical expenses in the amount of $5,924.66. Furthermore, the WCJ ordered reimbursement of Ms. Ardoin's out-of-pocket expenses in the amount of $488.94. Finally, the court denied Ms. Ardoin's claim for penalties and attorney fees pursuant to La.R.S. 23:1201. From this judgment, both parties appeal.
On appeal, the Plaintiff asserts that the WCJ erred in finding that her claim was reasonably controverted and in failing to award penalties and attorney's fees. The Defendant asserts that the WCJ erred in allowing the Claimant to receive double recovery for out-of-pocket medical expenses and in allowing the claimant to be reimbursed directly instead of the health care providers, in accordance with La.R.S. 23:1034.2.

LAW AND ANALYSIS

STANDARD OF REVIEW
The factual findings of the trial court, in a workers' compensation case, are subject to a manifest error or clearly wrong standard of review. George v. Guillory, 98-7271 (La.App. 3 Cir. 11/2/00); 776 So.2d 1200. "In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one." Id. at 1206; citing Stobart v. State, Dep't. of Transp. & Dev., 617 So.2d 880 (La.1993).

Plaintiffs Assignment of error
In her assignment of error, Ms. Ardoin contends that the trial court erred in finding that the Defendants reasonably controverted her claim and that she was not entitled to penalties and attorney fees.
Ms. Ardoin seeks to recover penalties and attorney fees under La.R.S. 23:1201, which provides in pertinent part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorneys fees are to be *374 paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact which will not be reversed absent evidence of manifest error. Romero v. Northrop-Grumman, 01-0024 (La.App. 3 Cir. 5/30/01); 787 So.2d 1149. In order to reasonably controvert a workers' compensation claim, an employer must have factual or medical information of such a nature that it reasonably counters that provided by claimant. Id.
The record indicates that Ms. Ardoin hurt her back while lifting a fifty-pound sack of onions in the course and scope of her employment. She reported the injury to a co-worker and to her husband that same day. Moreover, the next day, Ms. Ardoin went to the store and reported the incident to her manager. Additionally, a neighbor of Ms. Ardoin, Suzanne Miller, testified that she saw her the day before the injury and Ms. Ardoin appeared to be fine. The next day, Suzanne Miller saw Ms. Ardoin again, but this time she appeared to be in pain. Finally, as a result of her injury, Ms. Ardoin was forced to seek medical treatment.
In an attempt to controvert Ms. Ardoin's claim, the Defendant presented the testimony of Sharon Nothnagel and Lorena Pitre, as well as the statement of Pam Cryar. Ms. Nothnagel testified that Lorena Pitre was the only person with the authority to direct employees and she had informed Ms. Ardoin that her job did not entail stocking or moving anything in the cooler. Additionally, Ms. Nothnagel testified that the store had received only one fifty-pound sack of onions the day of the accident. Ms. Pitre testified that she was Ms. Ardoin's supervisor and that Ms. Ardoin was a grill cook with duties to restock the kitchen. Ms. Cryar stated that she did not instruct Ms. Ardoin to lift any groceries or move stock.
While some of the evidence offered by the Defendant may be inconsistent with the Claimant's, these inconsistencies in no way contravene the fact that a work-related accident occurred. The Defendant contends that it was not Ms. Ardoin's job to store onions and that there was only one sack of onions. After review, we find that there was at least one sack of onions; the onions needed to be stored; and Ms. Ardoin undertook to do this. Moreover, it is clear from the record that she suffered a serious injury and there is no other explanation for this injury. None of this is contested. The Defendant presents no evidence whatsoever which reasonably controverts the fact that Ms. Ardoin suffered a work-related accident. The Defendants contest incidental matters which are not relevant to a determination of the issues at hand but concede that the accident was reported timely and that Ms. Ardoin in fact suffered a serious injury. Under these circumstances, we are compelled to find that the WCJ committed manifest error in failing to provide penalties and attorney fees.
Under La.R.S. 23:1201, the legislature has not made a limitation on the amount of attorney fees which may be awarded. "The legislature's only mandate is that such attorney fees be reasonable." Romero, 787 So.2d. at 1157. In determining reasonable attorney fees, we are to consider "the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case." Naquin *375 v. Uniroyal, Inc., 405 So.2d 525, 528 (La.1981); Id. at 1157.
In the case sub judice, the record demonstrates that Ms. Ardoin's attorney has exercised a great amount of skill and has diligently prepared for both trial and appeal of this case. Ms. Ardoin's attorney has succeeded in obtaining workers' compensation benefits for Ms. Ardoin by overwhelmingly proving her entitlement to benefits. Finally, counsel's legal work, including the brief and supplemental brief on appeal, are of good quality. Therefore, we award Ms. Ardoin $2,000.00 in penalties and $3,500.00 in attorney fees for work done on appeal. Moreover, because the record is void of enough information for this court to determine the appropriate amount of attorney fees for work done at trial, we are compelled to remand this issue to the WCJ.

Defendants' Assignment of Error
The Defendant allege that the WCJ erred in allowing the Claimant to be reimbursed directly for out-of-pocket expenses and medical expenses instead of the health care providers, in accordance with La.R.S. 23:1034.2 reimbursement schedule. The Defendant asserts that this ruling results in double recovery by the Claimant.
The judgment of the WCJ reads in pertinent part:
IT IS FURTHER ORDERED that Kipling Korner Grocery and LWCC pay to Golda Ardoin reimbursement of medical expenses in accordance with the reimbursement schedule, including but not limited to medical expenses in the amount of $5,924.66.
IT IS FURTHER ORDERED that Kipling Korner Grocery and LWCC shall pay to Golda Ardoin reimbursement of out-of-pocket medical expenses, including but [sic] limited to $488.94 of medical expenses paid by the claimant.
Ms. Ardoin introduced evidence of medical records and bills resulting from her treatment totaling $5,924.66. Of this amount, Ms. Ardoin paid $488.94 directly out-of-pocket. The WCJ awarded her both $5,924.66 and $488.94. Thus, this judgment allows Ms. Ardoin double recovery of her out-of-pocket expenses. Accordingly, we amend the judgment of the WCJ and award $488.94 in out-of-pocket expenses and $5,435.72 for the remaining medical expenses.
The Defendant further asserts that the WCJ erred in awarding the reimbursement of medical expenses directly to the Claimant instead of the health care providers. We agree.
In her judgement, the WCJ ordered that the Defendant reimburse medical expenses in accordance with the reimbursement schedule; however, the WCJ ordered this payment directly to Ms. Ardoin. La.R.S. 23:1034.2(A) provides for a reimbursement schedule for the payment of medical treatment legal and due under the workers' compensation act. We believe it a better procedure for the workers' compensation insurer to directly pay the health care provider. First, this procedure relieves the employee of this burden. Second, this procedure insures that the employee will get the benefit of the reimbursement schedule envisioned by La.R.S. 23:1034(A). Finally, paying the provider directly insures that the health care provider receives reimbursement.
Accordingly, we amend the judgment by the WCJ to provide for the reimbursement of medical expenses directly to the health care providers. Thus, Ms. Ardoin is to be paid $488.94 for out-of-pocket expenses, and Ms. Ardoin's health care providers are to be paid the remaining balance in accordance with the reimbursement *376 schedule of the workers' compensation act. Accordingly, the judgement of the trial court is affirmed as amended.

DECREE
For these reasons, we reverse the finding of the WCJ and award the Claimant penalties in the amount of $2,000.00 and attorney fees in the amount of $3,500.00 for work done on appeal. The determination of the amount of attorney fees for work done at trial is hereby remanded to the WCJ. Furthermore, the judgement of the WCJ is amended as follows: (1) the Claimant is awarded $488.94 for out-of-pocket expenses, and (2) we award the reimbursement of medical expenses to be paid directly to the health care providers in accordance with the reimbursement schedule, including but not limited to medical expenses in the amount of $5,435.72. All costs of this appeal are to be paid by the Defendant.
REVERSED IN PART; AFFIRMED AS AMENDED; REMANDED.