916 So.2d 264 (2005)
Janet R. JURACOVICH
v.
ST. ANNE GENERAL HOSPITAL.
No. 2004 CA 1323.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*265 Michael Whitehead, Covington, Counsel for Plaintiff/Appellee Janet R. Juracovich.
J. Douglas Sunseri, Dawn Danna Marullo, Metairie, Counsel for Defendant/Appellant St. Anne General Hospital.
Before: WHIPPLE, DOWNING, and HUGHES, JJ.
HUGHES, J.
This is an appeal by an employer from an Office of Workers' Compensation (OWC) judgment ruling that the plaintiff/employee had suffered a work-related injury and ordering the employer to pay compensation benefits, medical expenses, penalties, and attorney fees.
After a thorough review of the record and jurisprudence, we are unable to say that the OWC judge was manifestly erroneous in his factual findings relating the plaintiff's physical condition to her on-the-job accident. There is ample evidence in the record to support the conclusion that plaintiff's October 2002 medical treatment was related to her June 2002 accident.
Nor can we say that there was an abuse of discretion in awarding penalties and attorney fees as we can find no error in the OWC's finding that the employer/appellant did not have a reasonable basis for controverting the claim(s). However, we find some merit in appellant's contention that the amount of penalties awarded by the OWC ($24,000.00) is excessive.
With respect to the penalties authorized by LSA-R.S. 23:1201, appellee suggests in brief to this court that the OWC judge awarded $2,000.00 in penalties for each of the following violations by the appellant/employer: (1)-(6) failure to pay six health care providers (Acadian Ambulance, Dr. Duplessis, Dr. Morris, Dr. Donner, St. Anne General Hospital, and Physioloft); (7)-(8) failure to pay plaintiff two workers' compensation benefit checks; (9) failure to approve MRI testing; (10) failure to approve *266 payment for plaintiff's medication; (11) failure to reimburse plaintiff for mileage; (12) failure to reimburse plaintiff for her out-of-pocket medical expenses; and (13) failure to grant her choice of neurologist, Dr. Donner. The OWC judge's written reasons for judgment do not disclose how he calculated the amount of penalties.
As set forth in Fontenot v. Reddell Vidrine Water District, XXXX-XXXX, p. 18 (La.1/14/03), 836 So.2d 14, 27, the supreme court interpreted LSA-R.S. 23:1201(F) as providing "multiple penalties for multiple violations of compensation and medical benefits claims." However, the supreme court did not enumerate exactly what specific items would be considered separate "claims" warranting individual imposition of separate $2,000.00 penalties, noting that the "OWC and the appellate courts are fully able to ferret out those penalties for which an award should be made." Id., XXXX-XXXX at pp. 17-18, 836 So.2d at 26. Nevertheless, the supreme court noted the following, as an example:
Exemplifying such ability is the Third Circuit's rejection of Haynes's request for certain medical expense payments in the present case. In Haynes, the appellate court correctly observed:
We reject Haynes's contention that separate penalties should have been awarded for each of the medical bills incurred at Cabrini Hospital on the date of the accident and for the February 1, 2000 visit to Dr. Genoff and the related travel expenses. LUBA's actions regarding the Cabrini bills are essentially a single violation, and its failure to pay the bill for the visit to Dr. Genoff and the related travel expenses is essentially a single violation.
Fontenot v. Reddell Vidrine Water District, XXXX-XXXX at p. 18 n. 12, 836 So.2d at 26 n. 12.
The supreme court in Fontenot v. Reddell Vidrine Water District, XXXX-XXXX at p. 21-22, 836 So.2d at 29, affirmed decisions by the Third Circuit (Fontenot v. Reddell Vidrine Water District, XXXX-XXXX (La.App. 3 Cir. 1/9/02), 815 So.2d 895, and Haynes v. Williams Fence and Aluminum, XXXX-XXXX (La.App. 3 Cir. 1/9/02), 805 So.2d 233), which respectively: affirmed an OWC award of a $2,000.00 penalty for the miscalculation of the initial temporary total disability rate rendered along with a $2,000.00 penalty for the improper reduction of the temporary total disability benefits to supplemental earnings benefits to Mr. Fontenot; and, ordered payment of four $2,000.00 penalties to Mr. Haynes for (1) incorrect calculation of temporary total disability benefits, (2) failure to timely pay supplemental earnings benefits in July 1999, (3) failure to timely authorize surgery with Dr. Genoff, and (4) for failure to pay the 2/1/00 bill for a visit with Dr. Genoff along with the associated travel expenses. The total penalty amount in Fontenot was $4,000.00, and in Haynes was $8,000.00.
From these cases, we can glean the following guidelines: bills from different medical providers can be considered as separate claims; failure to authorize a surgery by a particular doctor can be considered a separate claim from other treatment costs by the same doctor; the mileage expense associated with treatment by a particular provider is part of the claim for payment of that provider's treatment; incorrect calculation of a benefit amount is a separate claim from the failure to actually pay benefits; and that reduction of a benefit amount constitutes yet another separate claim on which penalties may be imposed.
After a thorough review of this matter, we find the record does not support the amount of penalties awarded by the OWC. *267 Of the thirteen possible items suggested by plaintiff/appellee, which may have formed the basis for individual $2,000.00 penalties under LSA-R.S. 23:1201, only eight of these items were proven at the OWC hearing: failure to pay six medical providers; failure to pay compensation benefits, and failure to approve MRI testing.[1] Thus, only eight $2,000.00 penalties should have been awarded, for a total of $16,000.00 in penalties.
Under LSA-R.S. 23:1201 there is no limitation on the amount of attorney fees that may be awarded; the legislature's only mandate is that such attorney fees be "reasonable." See Ardoin v. Kipling Korner Grocery, XXXX-XXXX, p. 5 (La.App. 3 Cir. 4/17/02), 824 So.2d 371, 374. In determining whether attorney fees are reasonable, Louisiana State Bar Articles of Incorporation, Art. 16, Rules of Professional Conduct, Rule 1.5, provides the following guidelines:
(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Based on these considerations and the record on appeal, we find no abuse of discretion in the $15,000.00 attorney fee award. Nor do we find an additional award of attorney fees warranted on appeal and reject plaintiff/appellee's answer to this appeal seeking additional attorney fees.
In response to this appeal, the plaintiff/appellee filed a motion to dismiss the appeal as frivolous, or in the alternative, damages for frivolous appeal. The motion to dismiss was denied by this court on August 23, 2004, and the request for damages for frivolous appeal was referred to the merits of this appeal. As we have found a deficiency in the ruling of the OWC, in part, and amend the award as indicated herein, this appeal cannot be deemed frivolous; appellee's demand for additional damages and expenses is therefore denied.

*268 CONCLUSION
For the reasons assigned herein, the judgment of the Office of Workers' Compensation is amended in part, to reduce the award of penalties to $16,000.00 in accordance with the foregoing. In all other respects the judgment in favor of Janet R. Juracovich is affirmed. Each party shall bear his own costs of this appeal.
AMENDED IN PART; AFFIRMED AS AMENDED.
NOTES
[1] Plaintiff/appellee failed to establish the cost, if any, of medications she alleged were necessitated by her injury or the nature and amount of her out-of-pocket expenses. Further, a claim for penalties for failure to approve Dr. Donner as plaintiff/appellee's neurologist overlaps her claim for penalties for failure to pay the bill of Dr. Donner. Similarly, plaintiff/appellee's claim for mileage reimbursement is considered a part of the claim associated with each medical provider. We also find that only one penalty is due for the failure to pay compensation benefits, and reject plaintiff/appellee's assertion that a separate penalty is due for each week compensation benefits remained unpaid.