# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**05-1289**


**DELWIN WARE**

**VERSUS**

**ALLEN MITCHELL D/B/A WHEEL & TIRE DESIGN 2**

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 04
PARISH OF LAFAYETTE, NO. 04-01841
SHARON MORROW, WORKERS' COMPENSATION JUDGE
**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and James T. Genovese, Judges.


**AFFIRMED, AS AMENDED.**

Michael B. Miller
P.O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLEE:
    Delwin Ware

Marcus A. Allen, Sr.
840 South Washington St.
Lafayette, LA 70501
(337) 289-1762
COUNSEL FOR DEFENDANT/APPELLANT:
    Allen Mitchell d/b/a Wheel & Tire Design 2

**COOKS, Judge.**

Delwin Ware alleged he was injured in an automobile accident while engaged in the course and scope of his employment with Wheel & Tire Design 2. When the employer did not pay benefits, Mr. Ware filed a workers' compensation claim against Allen Mitchell d/b/a Wheel & Tire Design 2. Trial was set for January 27, 2005. On that date, the parties met in the workers' compensation judge's office. When she realized Mr. Mitchell was not yet represented by counsel, the workers' compensation judge (WCJ) recommended he retain counsel. Mr. Mitchell informed the WCJ that he would retain counsel of record immediately. Mr. Mitchell was advised to have his attorney enroll as counsel and to provide his deposition. The matter was reset for trial on May 11, 2005. Mr. Mitchell acknowledged he received trial notices issued by the Office of Workers' Compensation.

When the matter came up for trial on May 11, 2005, neither Mr. Mitchell nor any counsel representing him appeared in court. After satisfying herself that Mr. Mitchell was aware of the proceedings and was not present in the building[1], the WCJ proceeded with the trial resulting in a judgment being rendered in favor of Mr. Ware and against Mr. Mitchell. Mr. Ware was awarded disability benefits, reimbursement of all medical expenses, and a $2,000.00 penalty against the Defendant for failure to pay medical expenses or authorize medical treatment. Attorney fees were initially awarded to Mr. Ware's counsel in the amount of $200.00 per hour. After going off the record, the WCJ decided to award Mr. Ware's attorney $250.00 per hour. The following discussion then occurred:

> JUDGE MORROW: I think considering the particular difficulties in dealing with an unrepresented party as well as the expectation of

---

[1] The Lafayette Office of Workers' Compensation is located in a downtown building in Lafayette. There is a reception or check-in area located on the first floor, and the courtroom is located on the sixth floor. Mr. Mitchell was aware that the courtroom was located on the sixth floor, as he met in the WCJ's office located on that floor on January 27, 2005.

additional difficulties - -

MR. MILLER (PLAINTIFF'S ATTORNEY):   You're right about that, Judge.   It's not over yet.

JUDGE MORROW:   Yes.   And I'm just not certain of my authority to award for future, but that certainly is one minor factor that I consider in this award.

Final judgment was signed on May 16, 2005.

On June 7, 2005, a Motion to Enroll was filed by Mr. Mitchell's present counsel.  That same date, Mr. Mitchell filed a Motion and Order for Rehearing, or in effect a Motion for New Trial.  On June 15, 2005, a Motion for Appeal was filed by Mr. Mitchell assigning as error the entry of judgment by the WCJ on May 11, 2005. In both motions, Mr. Mitchell alleged he came to the Office of Workers' Compensation on May 11, 2005.  Instead of proceeding upstairs to the courtroom, Mr. Mitchell stated he reported to the check-in area on the first floor and informed the receptionist he was present for the proceeding for which he received notice in the mail.  Mr. Mitchell stated he was informed by the receptionist that he was not on the list for the day, and there was no hearing or trial scheduled for him on that date. According to Mr. Miller, he relied on this information and went home.  He stated he was not aware that a judgment had been rendered against him until he received a copy of the judgment in the mail.

At the hearing on the motion for new trial, counsel for Mr. Mitchell requested issuance of a witness subpoena to the receptionist that allegedly spoke to Mr. Mitchell on May 11, 2005.  The WCJ informed Mr. Mitchell's counsel that La.R.S. 23:1318 provides "[f]or claims arising under this Chapter, the director or any other office employee shall not be subject to subpoena for the purpose of testifying in any legal proceeding.  This prohibition shall extend to depositions and interrogatories, both written and oral."  Counsel for Mr. Mitchell then asked the WCJ if this statute

prevented the receptionist from testifying. The WCJ indicated she did not believe the receptionist could testify, but denied the motion for new trial because it was not timely filed. The WCJ stated as follows:

> I am going to deny the motion primarily on the timeliness issue. But I also want to refer – Mr. Mitchell had shown up before. When he did not show up that day I was puzzled and/or surprised because he had shown up for everything else. And, as I said, I do have a rough draft of the transcript. It's not certified yet, but it does reflect that I asked the bailiff to make sure Mr. Mitchell wasn't here.
>
> The record needs to reflect that our office is on two floors. We have the reception area on the first floor where people are supposed to check in, and then we have the hearings on the sixth floor. And Mr. Menard, our bailiff, did check the sixth floor and the first floor. The time shows that we waited until 9:55 before we began, and the matter was scheduled for 9:00.
>
> There is certainly some possibility that what Mr. Mitchell says actually occurred. It is possible that someone might have assumed he was an employee, looked for his name as an employee and did not find it.
>
> But, in any event, we did make an effort to make sure he was here or not here before we began. And because I had not received a motion to enroll at that point in time and I – we had continued it before for him to get counsel, I think I was of the mind set that he hadn't gotten counsel. It was probably, you know – in any event, I went ahead with the trial after I determined he was not here.
>
> So if it were timely, I would have a more difficult problem with the ruling, but I rule on the timeliness issue and deny the motion.

The Motion for Appeal filed by Mr. Mitchell on June 15, 2005 solely addresses the judgment entered by the WCJ on May 11, 2005. In his brief, Mr. Mitchell asserts two assignments of error:

> (1) The WCJ erred by awarding "future attorney fees" based upon the expectation of additional difficulties arising.
>
> (2) The WCJ erred in applying La.R.S. 23:1318 to the receptionist and not allowing the receptionist to testify without the issuance of a subpoena.

I.   *Amount of Attorney Fees Awarded.*

Attorney fees were initially awarded to Plaintiff's counsel in the amount of $200.00 per hour. After "going off the record," the WCJ decided to award Plaintiff's

attorney $250.00 per hour, and stated it was due to the "expectation of additional difficulties." Mr. Mitchell has appealed the increased award, arguing the WCJ erred in awarding "future attorney fees." We agree. An award of attorney fees is appropriately measured by what is done on a case and not what will be done. The factors used to determine attorney fees are the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of time devoted to the case. *Naquin v. Uniroyal, Inc.*, 405 So.2d 525 (La.1981); *Thomas v. Town of Arnaudville*, 97-1003 (La.App. 3 Cir. 4/22/98), 713 So.2d 547. Counsel for the claimant has not provided this Court with any legal authority suggesting that an attorney is entitled to collect from an unrepresented litigant additional attorney fees based solely on the theory that such cases are more difficult to deal with or the litigant might exercise his right to contest entry of judgment against him. We reject the trial court's assessment of a greater hourly fee in this case for three reasons: (1) there is no legal authority to support the award; (2) such an award would undermine an unrepresented litigant's right to access the courts; and, (3) the Rules of Professional Conduct prevent an attorney from collecting a fee for services he has not rendered. Accordingly, we reduce the amount awarded for attorney fees to $200.00 per hour as originally awarded by the trial court.

Plaintiff has answered the appeal seeking additional attorney fees for the work necessitated by the appeal. If a claimant requests an increase in attorney fees, it is usually awarded when the defendant appeals, obtains no relief, and the appeal necessitates additional work by the claimant's counsel. *See Spence v. Industrial N.D.T.*, 31,744 (La.App. 2 Cir. 3/31/99), 731 So.2d 473. Inasmuch as appellant is entitled to some of the relief he requested, and the task claimant's counsel faced in obtaining a judgment against an unrepresented defendant was not a particularly

daunting challenge, we decline to grant additional attorney fees on appeal.

II.  *Application of La.R.S. 23:1318.*

In his second assignment of error, Mr. Mitchell argues the WCJ erred in applying La.R.S. 23:1318 to the receptionist and in not allowing the receptionist to be subpoenaed. We find this issue is not properly before this court. This appeal concerns only the judgment rendered on May 11, 2005. It does not involve the denial of the motion for new trial on August 2, 2005, when Mr. Mitchell first asked to subpoena the receptionist. There was no request for a subpoena for the receptionist at the May 11, 2005 hearing. Mr. Mitchell's second assignment of error is based upon the motion which was heard on August 2, 2005, not May 11, 2005. As there has been no appeal of that judgment, no relief can be granted by this court.

**DECREE**

For the foregoing reasons, the judgment of the Office of Workers' Compensation is amended to award Plaintiff's counsel $200.00 per hour in attorney fees. The judgment is affirmed in all other respects. Costs of this appeal are assessed to Defendant-Appellant, Allen Mitchell d/b/a Wheel & Tire Design 2.

**AFFIRMED, AS AMENDED.**