# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-0091


**MARCIA WYBLE**

**VERSUS**

**ACADIANA PREPARATORY SCHOOL**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF ST. LANDRY, NO. 04-08230
HONORABLE JASON OURSO
WORKERS' COMPENSATION JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


**AFFIRMED AND RENDERED.**


**Michael K. Leger**
**Attorney at Law**
**806 South Main Street**
**Opelousas, LA 70570**
**(337) 948-9066**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Marcia Wyble**

**George S. Bourgeois, Jr.**
**Attorney at Law**
**421 North Main Street**
**Opelousas, LA 70570**
**(337) 948-9111**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Acadiana Preparatory School**

PETERS, J.

In this workers' compensation case, the Acadiana Preparatory School (School) appeals an award of weekly benefits, medical expenses, penalties, and attorney fees to its former employee, Marcia Wyble. Ms. Wyble answered the appeal, requesting an increase in the penalty award and an award of attorney fees on appeal. For the following reasons, we affirm the award of the workers' compensation judge (WCJ) in all respects and render judgment awarding Ms. Wyble an additional $5,000.00 as attorney fees for work performed on appeal.

## DISCUSSION OF THE RECORD

This litigation arises from incidents which occurred on October 21, 2004, and October 22, 2004, at the School where Ms. Wyble was employed as a teacher's aide. On Thursday, October 21, Ms. Wyble lifted a heavy desk onto a rug and helped push the desk across the room. This effort on her part resulted in stiffness in the lower back that same evening and the next morning. On the next day, she sustained immediate pain when she straightened up from bending over a low-to-the-ground, child-sized table while working on an art project with her students. Soon thereafter, she reported the pain in her back to Ann Rachel, a teacher with whom she was working. On the following Monday, October 25, 2004, Ms. Wyble called Vincent Bullara, an administrator at the School, and informed him of her injury, of her plans to seek medical attention, and of the fact that she would miss a few days of work.

Ms. Wyble saw her family physician, Dr. Michael Montgomery, the same day as her discussion with Mr. Bullara. Dr. Montgomery treated Ms. Wyble for her back pain, suggested that she not return to work for the remainder of the week, and scheduled a follow-up evaluation for the end of the week.

Before the follow-up evaluation took place, Ms. Wyble contacted Mr. Bullara to request that the School pay for her medical expenses and was informed that the School had concluded that it was not responsible for the injury and would not pay any benefits to her or on her behalf. Because the School refused to pay her medical expenses, Ms. Wyble sought medical care from the University Medical Center of Lafayette, Louisiana; the Louisiana State University Health Sciences Center of Shreveport, Louisiana; and the Louisiana State University Earl K. Long Health Science Center of Baton Rouge, Louisiana—all three facilities being part of the state charity hospital system.

Dr. L. Luquette of the Lafayette facility saw Ms. Wyble on October 27, 2004, and continued to treat her through November 2, 2005. Throughout his treatment of Ms. Wylbe's complaints, Dr. Luquette was of the opinion that his patient could not return to work at the School. Her back pain grew progressively worse, and by January of 2005 she was reporting pain down into her buttocks and posterior thighs. An April 12, 2005, lumbar MRI revealed a right-sided disc herniation at L4-5, right paracentral disc protrusion/herniation, and facet joint hyperthropy in the lower lumbar region.

Ms. Wyble last received treatment from the Lafayette facility on November 2, 2005, and on January 3, 2006, she saw Dr. Raul Cardenas, a neurosurgeon at the Shreveport facility. After examining Ms. Wyble, Dr. Cardenas released her to light duty. But when she approached the School seeking a light-duty position, she received no response. Ms. Wyble remained under Dr. Cardenas's care and underwent physical therapy at his recommendation, but at the Baton Rouge facility.

2

The School's continual refusal to pay benefits and medical expenses resulted in this litigation. Following a June 19, 2006, hearing on the merits, the WCJ rendered judgment awarding Ms. Wyble temporary total disability benefits from October 22, 2004, until January 3, 2006, and supplemental employment benefits thereafter; ordering the School to pay all accident-related medical expenses; awarding $4,000.00 in statutory penalties; awarding $6,500.00 in attorney fees; and ordering that the weekly benefits award be increased by fifty percent pursuant to La.R.S. 23:1171.2. The School timely perfected this appeal, and Ms. Wyble answered the appeal seeking additional relief.

## OPINION

In its appeal, the School asserts that the WCJ erred: (1) In finding that a compensable accident occurred; (2) in awarding penalties and attorney fees; and (3) in awarding increased benefits under La.R.S. 23:1171.2. In her answer to the appeal, Ms. Wyble seeks an increase in the WCJ's penalty award and an award of attorney fees for work done on appeal.

### *Accident*

The School first asserts that the WCJ erred in even concluding that an accident occurred at all. In considering this argument, we recognize that the employee has the burden of establishing a work-related accident. *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992). Louisiana Revised Statute 23:1021(1) defines an accident as follows:

> "Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

3

The School contends that the WCJ erred in finding that an "accident" occurred where Ms. Wyble's complaints arise from nothing more than "benign, everyday activity" and her back pain is "simply a gradual deterioration or progressive degeneration."

In rejecting this argument, we first note that

> Although the definition of accident was amended to emphasize that the identifiable, precipitous event must be more than a gradual deterioration or progressive degeneration, jurisprudence holds that these terms do not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee.

*Richard v. Workover & Completion*, 00-794, p. 4 (La.App. 3 Cir. 12/6/00), 774 So.2d 361, 364. Further, "[t]he 'actual, identifiable, precipitous event' may include a routine movement or task that the employee regularly performs, if the claimant is able to identify with some particularity as to time, place and manner, the objective manifestation of the accidental injury." *Thompson v. Orleans Parish Sch. Bd.*, 00-1230, p. 3 (La.App. 4 Cir. 3/21/01), 786 So.2d 128, 130.

Ms. Wyble testified that the injury to her back began when she lifted the heavy desk onto a rug and moved it across the room, and that the pain began the next day as she was standing up after bending over a very low table, working on an art project. Dr. Montgomery testified that bending over and then standing back up "was the event that precipitated this episode of back pain" and that the motion had "aggravated her preexisting condition and had produced the pain that she was experiencing at that time."

The WCJ's determinations as to whether the employee's testimony is credible and whether she has discharged her burden of proof are factual determinations which we may not disturb on review unless they are clearly wrong. *Bruno*, 593 So.2d 357. Based on the testimony of Ms. Wyble and Dr. Montgomery, we find no error in the

4

WCJ's determination that Ms. Wyble proved the occurrence of a sudden, actual, identifiable, precipitous event within the meaning of the statute. The objective manifestation of the accidental injury having been identified with particularity as to time, place, and manner, through the testimony of both Ms. Wyble and Dr. Montgomery, it is immaterial that the actions that gave rise to the injury were "benign, everyday activities." Thus, we find no merit in this assignment of error and affirm the WCJ's finding that an accident occurred within the meaning of La.R.S. 23:1021(1).

### *Cause of the Injury*

The School next contends that the WCJ erred in holding that Ms. Wyble established a compensable disability where she alleged two separate incidents on two different dates as being the accident. In rejecting this argument, we note that the WCJ specifically found that each of the incidents, on October 21, 2004, and October 22, 2004, constituted an accident under the workers' compensation law. Thus, the WCJ's finding was not that the two incidents combined to produce one accident, but that there were two separate accidents on two different days that combined to cause Ms. Wyble's work-related injury. The School's argument on this point has no merit.

The School also argues that Ms. Wyble's back pain was a continuation of the ongoing degenerative process that had begun in 2000 and 2001. It points to the fact that Ms. Wyble had been treated for back pain on February 11, 2000, February 8, 2001, and June 23, 2001. Dr. Montgomery acknowledged his prior treatment of Ms. Wyble's back complaints, but testified that this back pain in 2000 and 2001 was caused by degeneration and arthritic changes in the spine with the possibility of some

5

spondylosis in the lower lumbar area, and that the previous difficulties had been resolved prior to the accidents at issue.

Even assuming aggravation of a preexisting medical condition, Ms. Wyble may maintain a claim for temporary total disability benefits if she proves that she sustained an aggravation of that preexisting condition in the October 2004 work-related accidents. A preexisting medical condition will not bar an employee from recovery if the employee establishes that the work-related accident aggravated, accelerated, or combined with the condition to cause the disability for which compensation is claimed. *Peveto v. WHC Contractors,* 93-1402 (La. 1/14/04), 630 So.2d 689. "When there is proof of an accident and of a following disability, without an intervening cause, it is presumed that the accident caused the disability." *Coley v. Wilson Oil Co., Inc.*, 620 So.2d 445, 450 (La.App. 3 Cir. 1993). As noted above, Dr. Montgomery testified in his deposition that the motion of bending over and standing up had "aggravated her preexisting condition." He also agreed that the work-related injury "aggravated, accelerated or combined with the preexisting disease that she had in her lower back to produce the disability."

The WCJ was not clearly wrong in its factual finding that Ms. Wyble discharged her burden of proving that the October 2004 work-related accidents aggravated her preexisting injury. Thus, this assignment of error is without merit.

### *Penalties and Attorney Fees*

An employer who denies benefits without investigating an employee's compensation claim subjects itself to statutory penalties and attorney's fees. *Nelson v. Roadway Exp., Inc.*, 588 So.2d 350 (La.1991). "Whether the refusal to pay benefits warrants the imposition of penalties and attorney's fees is a factual question which

will not be disturbed in the absence of manifest error." *Dozier v. Garan's, Inc.*, 94-1363, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 137, 139. Here, the WCJ found "that defendant was properly notified of this accident and without much investigation at all the defendant promptly made the decision to deny the claim. The Court finds that decision to be arbitrary and capricious and without probable cause."

This finding is supported by the record. Mr. Bullara testified that he "really didn't investigate too much." In his investigation, he spoke with Ms. Rachal, Nell Fontenot (a secretary at the School with whom Ms. Wyble had discussed her injury), and Connie Bullara (an employee of the school whom Ms. Wyble had seen at the end of the day on October 22, 2004). These individuals all acknowledged that Ms. Wyble had related to them the same statement of facts concerning the accident, *i.e.*, that after standing up from bending over the low table, she had felt something pull in her back. Despite having this information, no one with the School took any further action in determining the validity of Ms. Wyble's claim for workers' compensation benefits and medical expenses.

In *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890, the supreme court stated:

> [T]o determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

In the instant case, although there was evidence that Ms. Wyble had previously experienced back problems, there was no other factual or medical information to reasonably counter the information presented by Ms. Wyble when she requested that

the School pay her medical expenses and indemnity benefits. On November 4, 2004, Ms. Wyble's attorney contacted the School, requesting payment of weekly indemnity benefits and reimbursement of Ms. Wyble's medical expenses. In making the request, the attorney included copies of Dr. Montgomery's October 25, 2005 medical report, as well as medical records dated October 27, 2004, and November 2, 2004, from the University Medical Center. The failure to pay workers' compensation benefits is not excused by an unjustified belief that an employee's injury does not result from an accident. *Nelson*, 588 So.2d 350.

The WCJ did not manifestly err in finding that the School's refusal to pay benefits warrants the imposition of penalties and attorney's fees. Thus, we find no merit in the School's assignment of error.

### *Increased Benefits*

Louisiana Revised Statute 23:1171.2 provides that the amount of weekly compensation "*shall* be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1168." (Emphasis added). The WCJ awarded benefits at the increased rate because the School did not have workers' compensation insurance and was not self-insured at the time of Ms. Wyble's injury.

The School argues that the WCJ erred in ordering increased benefits because Ms. Wyble did not include the issue of increased benefits in her pre-trial statements.[1] We find that the School waived its right to assert this argument. At the hearing, the

---

[1]The hearing rules on pretrial procedure in workers' compensation proceedings are found in La.Adm.Code Title 40, Part I, Chapter 60, and the rules on trial procedure are found in La.Adm.Code Title 40, Part I, Chapter 62. Although the School refers us to La.Adm.Code 40:I.2158, it apparently relies on La.Adm.Code 40:I.6201, which provides that "[o]nly those issues listed in the pretrial statements shall be litigated at trial. No new issues shall be raised except by written order of the judge for good cause or upon mutual agreement of the parties."

School timely objected to questions propounded to Mr. Bullara concerning the status of the School's workers' compensation coverage at the time of the accident. However, the objection was as to relevancy, not whether the questioning expanded the pretrial statements.[2] In response to the objection, counsel for Ms. Wyble stated that the questioning was directed at "whether [the School] had workers' comp insurance through a self insurance firm or if they had purchased workers' comp insurance for the enhance [sic] benefit under the law." The School then stipulated that there was no insurance in place on the date of the accident. The School's failure to timely object to the line of questioning on the ground that the issue of increased benefits was not listed in the pretrial statement, coupled with the School's stipulation that there was no insurance in place on the date of the accident, waived any possible objection to Ms. Wyble's failure to include the issue in her pretrial statement.

This argument has no merit.

### Answer to Appeal

The WCJ awarded penalties of $2,000.00 for the School's failure to pay medical expenses and $2,000.00 for its failure to pay indemnity benefits. Ms. Wyble asks that we increase the total penalties awarded, from $4,000.00 to $8,000.00, by assessing separate penalties for the School's failure to authorize any medical treatment, its failure to authorize an MRI diagnostic study, and its failure to allow Ms. Wyble her choice of physicians.

The provisions of La.R.S. 23:1201(F) provide for multiple penalties for multiple violations of compensation and medical benefits claims. *Fontenot v. Reddell*

---

[2]Counsel for the School stated in support of its objection that "I don't see where [whether the School had workers' compensation insurance is] particularly relevant to what's alleged in the pleadings, that she had an accident in the course and scope of the employment."

9

*Vidrine Water Dist.*, 02-439 (La. 01/14/03), 836 So.2d 14.  But here the WCJ concluded that the School's failure to pay medical benefits was an ongoing violation, which resulted in only one penalty award under the circumstances of the case. Finding no manifest error in this factual determination by the WCJ, we affirm the penalty award and decline to increase it on appeal. *See Sigler v. Rand,* 04-1138 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, *writ denied*, 05-278 (La. 4/1/05), 897 So.2d 611.

Ms. Wyble also requests additional attorney fees for work performed on appeal. This court has held that held that an appellee who successfully defends a trial court judgment should not be denied additional attorney fees on appeal, even when the relief sought in his answer is denied. *Stacks v. Mayflower Transit, Inc.*, 95-693 (La.App. 3 Cir. 11/2/95), 664 So.2d 566.  Here, Ms. Wyble successfully defended the judgment of the WCJ in her favor.  We therefore award her $5,000.00 in additional attorney fees.

## DISPOSITION

For the foregoing reasons, we affirm the judgment in all respects.  We assess the costs of this appeal to the defendant, Acadiana Preparatory School and award the plaintiff, Marcia Wyble, $5,000.00 in additional attorney fees.

**AFFIRMED AND RENDERED.**