STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 09-646


PATRICK D. JOHNSON

VERSUS

CONAGRA POULTRY COMPANY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - NUMBER TWO
PARISH OF RAPIDES, NO. 08-01396
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  Oswald A. Decuir, and
Billy Howard Ezell, Judges.

**Thibodeaux, chief Judge, dissents in part and assigns written reasons.**


                                                                    **AFFIRMED.**



**Maurice Blake Monrose**
**Hurlburt, Privat & Monrose**
**P. O. Drawer 4407**
**Lafayette, LA 70502-4407**
**(337) 237-0261**
**Counsel for Defendant/Appellee:**
**Conagra Poultry Company**

**George Arthur Flournoy**
**Flournoy, Doggett APLC**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
**Patrick D. Johnson**

**EZELL, JUDGE**.

This is an appeal from a workers' compensation judgment. Patrick Johnson appeals the trial court judgment asserting that he is entitled to an increase in the award of penalties and attorney fees. He also complains that there was no award for reimbursement of medical travel expenses. Finally, Mr. Johnson complains that the trial court erred in ordering that any unpaid medication expenses should be paid to the pharmacy as opposed to him directly.

## FACTS

Mr. Johnson was an employee of Conagra Poultry Company, now known as Pilgrim's Pride, Inc., in Natchitoches. On September 29, 1998, he injured his back and leg while lifting bags of cement. He was reinjured on March 17, 2000. As a result of the accident, Pilgrim's Pride has been paying benefits to Mr. Johnson.

On February 8, 2008, Mr. Johnson filed a disputed claim for compensation alleging that Pilgrim's Pride had failed to pay timely or refused to pay for prescribed medications. He also asked for penalties and attorney fees in addition to legal interest.

A trial on the matter was held on October 14, 2008. The workers' compensation judge (WCJ) assessed a penalty of $2,000.00 for late payment of prescriptions prescribed by Mr. Johnson's treating physician. The WCJ assessed only a single penalty since the multiple prescriptions were prescribed by a single physician. Attorney fees in the amount of $2,500.00 were also awarded. The trial court also found that Mr. Johnson failed to submit any evidence of the miles he traveled to the doctor's office or the pharmacy to pick up his medication, so it declined to make an award for travel expenses. The trial court further ordered Pilgrim's Pride to pay all outstanding pharmacy bills directly to the pharmacy.

1

## PENALTIES

Mr. Johnson alleges that he is entitled to a penalty for each instance that a prescription was not paid. Mr. Johnson claims that he is entitled to the maximum penalty of $8,000.00 as opposed to the $2,000.00 awarded by the WCJ.

A trial court's award of penalties and attorney fees in a workers' compensation case is subject to the manifest error/clearly wrong standard of review. *Ducote v. La. Indus., Inc.*, 07-1536 (La.App. 3 Cir 4/2/08), 980 So.2d 843. "[I]t is well established that the underlying reason for the imposition of penalties and attorneys' fees in the workers' compensation arena is to combat the indifference by employers and insurers toward injured workers." *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, p. 14 (La. 1/14/03), 836 So.2d 14, 24, *rehearing granted in part on other grounds*, 02-442 (La. 4/21/03), 851 So.2d 917. Therefore, La.R.S. 23:1201(F) provides for "multiple penalties for multiple violations of compensation and medical benefits claims." *Id.* at 27.

In *Erwin v. Town of Jena*, 08-137 (La.App. 3 Cir. 6/5/08), 987 So.2d 281, this court held that the failure to timely pay a claimant's pharmaceutical expenses warranted an award of penalties and attorney fees. In that case, one request was made by fax transmittal on November 16, 2006, for the payment of prescription medications in the amount of $1,471.92. Reimbursement was not made within the sixty-day period. A statutory penalty in the amount of $2,000.00 was awarded.

In the present case, Samantha Lewis, a bookkeeper with Causey's Pharmacy in Natchitoches, where Mr. Johnson had his prescriptions filled, testified about the payment of Mr. Johnson's prescriptions. The trial court found Ms. Lewis' testimony concerning billing and payments to be credible. She testified that there were prescriptions in May and June of 2007 that still remained unpaid. On each date, two

prescriptions had been filled, but the pharmacy only received payment for one prescription.

Ms. Lewis testified that originally she would send the bills to Mr. Johnson's attorney who would forward them along with demand letters to Sedgwick, the third-party administrator for Pilgrim's Pride. These demand letters from the attorney are in evidence along with a bill from the pharmacy indicating the previous balance, the month's charges, any payment, and the payment due. We note that there are no demand letters or bills in evidence for the months of October 2007 to April 2008.

Mr. Johnson's attorney sent a demand letter on May 2, 2007, requesting payment of the attached Causey's Pharmacy bill in the amount of $1,370.15. Continued requests for payment of the bill were submitted, with the bill finally totaling $1,529.05 before a payment was received. It appears that a payment towards the pharmacy bill was made sometime in the end of June or July 2007 in the amount of $1,376.68. The June 26, 2007 billing date indicates that this bill was ninety days past due. Continued monthly requests were made. A payment of $73.85 was received in September 2007, when the bill totaled $522.98.

In April 2008, Ms. Lewis started faxing bills to the Sedgwick adjuster. By May 1, 2008, the bill at Causey's Pharmacy totaled $1,421.63. On June 24, 2008, a payment of $22.03 was made on the bill. In July 2008, Ms. Lewis testified that she received a payment of $1,270.88 which encompassed payment for medications prescribed from July 30, 2007 through June 24, 2008.

In Ducote, 980 So.2d 843, this court reviewed the jurisprudence concerning multiple penalties. This court noted that certain actions by an employer constituted a "single violation" because it was an ongoing violation. This court in *Ducote* found that the award of a single penalty for failure to pay six weeks of indemnity benefits

3

was proper. *See also Maricle v. Sunbelt Builders, Inc.*, 05-398 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, *writ denied*, 05-2506 (La. 3/31/06), 925 So.2d 1261(a single $2,000.00 penalty was affirmed for the nonpayment of several weeks of compensation); *Wyble v. Acadiana Preparatory Sch.*, 07-91 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, *writ denied*, 07-1178 (La. 9/14/07), 963 So.2d 1004 (more than one incidence of nonpayment of medical benefits was an ongoing violation subject to the imposition of one penalty).

The first circuit in *Juracovich v. St. Anne General Hospital*, 04-1323, p.4 (La.App. 1 Cir. 6/10/05), 916 So.2d 264, 266, *writ denied*, 05-1819 (La. 1/27/06), 922 So.2d 552, observed that:

> From these cases, we can glean the following guidelines: bills from different medical providers can be considered as separate claims; failure to authorize a surgery by a particular doctor can be considered a separate claim from other treatment costs by the same doctor; the mileage expense associated with treatment by a particular provider is part of the claim for payment of that provider's treatment; incorrect calculation of a benefit amount is a separate claim from the failure to actually pay benefits; and that reduction of a benefit amount constitutes yet another separate claim on which penalties may be imposed.

We find no error in the WCJ's decision that the employer's failure to timely pay bills Causey's Pharmacy submitted was a single, ongoing violation. Sedgwick continued to make late, single, lump-sum payments toward the payment of the bill at Causey's. Thus, we affirm the single penalty of $2,000.00.

## UNPAID MEDICATION EXPENSES

Mr. Johnson argues that the WCJ erred in ordering payment of the unpaid medication expenses directly to Causey's Pharmacy as opposed to ordering payment to him. Mr. Johnson claims that he would ultimately be responsible should the responsible third party not pay.

4

In *Ardoin v. Kipling Korner Grocery*, 01-1596 (La.App. 3 Cir. 4/17/02), 824 So.2d 371, this court held that reimbursement of workers' compensation claimant's medical expenses should have been awarded to the health care providers rather than to the claimant. Relying on La.R.S. 23:1034.2, this court found that this procedure would relieve the employee of the burden and insures that the employee gets the benefit of the reimbursement schedule, insuring that the health care provider receives reimbursement.

Therefore, we find that the WCJ did not err in ordering Pilgrim's Pride to directly pay Causey's Pharmacy for the casualty-related medication that was prescribed.

### MEDICAL TRAVEL EXPENSES

Mr. Johnson also alleges that the WCJ erred in not awarding him reimbursement for his medical travel expenses. Mr. Johnson did not make a claim for reimbursement for travel expenses until he filed his pretrial statement. The trial court found that Mr. Johnson did not present any evidence to the court of the miles he traveled to the doctor or pharmacy, so he declined his claim for travel expenses. Mr. Johnson claims that all he sought was an order that Pilgrim's Pride is responsible for all unreimbursed, work-related travel expenses.

Pursuant to La.R.S. 23:1203(D) an employer is responsible for the mileage expenses that are reasonably and necessarily incurred in order to obtain medicines and medical services. "However, a claimant must present evidence of such expenses." *Smith v. Roy O. Martin Lumber Co.*, 03-1441, p. 10 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, 669, *writ denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144. Evidence of such expenses include the actual cost of the trip or the number of miles traveled. *Lang-Parker v. Unisys Corp.*, 00-880 (La.App. 1 Cir. 10/5/01), 809 So.2d 441.

5

Mr. Johnson points out that he testified that he used his own car to go to the doctor's office and gave his physical address. He further testified that the physical addresses of the pharmacy and doctor's office were in the record as well as the billing records. Mr. Johnson claims that this court can use an internet map site and determine the mileage to each location and then use the evidence in the record to calculate the number of times he visited each facility. We find that this evidence falls far short of proving the expenses necessary for travel. It was Mr. Johnson's job to establish his case, not the court's.

We find no error in the WCJ's ruling that Mr. Johnson did not establish a claim for reimbursement of medical travel expenses.

**ATTORNEY FEES**

The WCJ awarded $2,500.00 in attorney fees which, Mr. Johnson claims, is abusively low. There are several factors to be considered when determining the amount of attorney fees to be awarded in a workers' compensation case which include "the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case." *Langley v. Petro Star Corp. of La.*, 01-198, p. 11 (La. 6/29/01), 792 So.2d 721, 727 (citing *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La. 11/28/00), 773 So.2d 694). Considering the above factors, we find that the attorney fee award of $2,500.00 is not so abusively low as to be manifestly erroneous.

Mr. Johnson has also asked for additional attorney fees for work performed on appeal. When a claimant requests additional attorney fees for work performed on appeal, it is usually when the defendant appeals and obtains no relief but additional work was required of claimant's counsel. *Ware v. Mitchell*, 05-1289 (La.App. 3 Cir. 4/12/06), 928 So.2d 699. Since Mr. Johnson filed the appeal and did not obtain any

of the relief he requested, we decline to grant additional attorney fees on appeal.

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to Patrick Johnson.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-646

PATRICK D. JOHNSON

VERSUS

CONAGRA POULTRY COMPANY

THIBODEAUX, Chief Judge, dissenting.

Today's opinion allowing one penalty and not separate penalties for multiple violations encourages illicit conduct. It undermines the purpose of penal provisions and encourages an employer to not pay for valid pharmaceutical claims. Essentially, all an employer or insurance company has to do is refuse to pay in a timely manner for any medication expenses when they are submitted and then pay one lump sum at some point in the future. In a response to a demand for penalties, it consequently can validly argue that one claim is implicated and not multiple claims. This opinion guts the very reason that penalties are imposed.

Louisiana Revised Statutes 23:1201(F) provides for "the assessment of a penalty. . . for *each disputed claim* . . . ." (Emphasis supplied). A "claim" is a "demand for particular benefits." *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, p. 15 (La. 1/14/03), 836 So.2d 14, 25. Here, it is undisputed that several demands were made requiring a penalty for each demand for payment of a claim up to the $8,000.00 maximum limit. I note that the employer in *Fontenot* argued against a broad interpretation of Section 1201. It argued that such an interpretation, as I am proposing, would give rise to a penalty for each late payment, nonpayment, or refusal

to pay compensation and medical benefits.  The Louisiana Supreme Court rejected this argument.  So should we.

        For the foregoing reasons, I respectfully dissent.