AMY, J.,
dissents and assigns reasons.
|TI respectfully dissent from the majority opinion.
Significantly, I differ from the majority insofar as I would affirm the award of supplemental earnings benefits. I find the claimant’s argument as to the propriety of temporary total disability benefits does not accurately reflect the necessary burden of proof. Instead, La.R.S. 23:1221(1)(c) dictates that the claimant prove by clear and convincing evidence that he or she:
is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
(Emphasis added.) Rather than being physically unable to engage in any employment, the claimant has been released to return to light duty. Although the claimant has a notable heart condition, he failed to establish what impact this has on his ability to work. Instead, on the issue of the ability to work, the record only includes the claimant’s return to light duty status. While I differ from the majority on the award of TTD benefits rather than SEBs, I agree that the employer failed to adequately establish the availability of jobs suitable to the claimant as needed for reduction of the amount due under La.R.S. 23:1221(3)(c)(i). Accordingly, I would affirm the award of SEBs, but I would amend the judgment to award the indemnity benefit at the full rate.
|2I also differ from the majority’s determination regarding the offset issue. In my opinion, La.R.S. 23:1225 is applicable to the establishment of the compensation rate offset, whereas La.R.S. 11:2258 dictates how disability retirement benefits are to be paid by the Firefighters’ Retirement System. Accordingly, I would affirm the workers’ compensation judge’s ruling in this respect. Further, I would not calculate the amount of any offset due insofar as the workers’ compensation judge specifically refrained from doing so in anticipation of the parties’ joint calculation of the applicable figure. I would remand this issue for the workers’ compensation judge’s consideration.
Finally, and while I would affirm the amount of the attorney fees awarded below, I dissent from the majority’s determination to award additional attorney fees for work performed on appeal insofar as the claimant is the appellant. The supreme court has stated that “[a] workers’ compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending the employer’s unsuccessful appeal.” Frith v. Riverwood, Inc., 04-1086, p. 12 (La.1/19/05), 892 So.2d 7, 15 (emphasis added). Thus, an award of attorney fees on appeal is appropriate where “the defendant appeals, obtains no relief, and the appeal necessitates additional work by the claimant’s counsel.” Ware v. Mitchell, 05-1289, p. 4 (La.App. 3 Cir. 4/12/06), 928 *1253 So.2d 699, 702. See also Johnson v. Conagra Poultry Co., 09-646 (La.App. 3 Cir. 12/9/09), 26 So.3d 982, writ denied, 10-350 (La.4/16/10), 31 So.3d 1067. In this case, the claimant is the appellant and is therefore not defending the employer’s appeal. Accordingly, I respectfully dissent from the majority’s award of attorney fees for work performed on appeal.
In sum, I would amend the judgment with regard to the rate of SEBs. In all other respects, I would affirm.