783 So.2d 544 (2001)
Marta Anne EVERSON
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
No. 00-CA-1264.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
Diane K. Zink, LaPlace, LA, Counsel for plaintiff-appellee.
*545 Richard L. Seelman, Wayne J. Fontana, Courtenay, Forstall, Hunter & Fontana, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges GOTHARD, McMANUS and GULOTTA, Pro Tempore.
McMANUS, Judge.
In this workers' compensation action, the question presented is whether the workers' compensation judge (WCJ) was manifestly erroneous in awarding penalties and attorney fees to the injured worker, Marta Everson, and in finding that Kaiser Aluminum and Chemical Corporation (Kaiser) is obligated to pay for Ms. Everson's medical expenses. For the reasons that follow, we affirm the judgment of the Office of Workers' Compensation.

STATEMENT OF THE CASE
Marta Everson filed this workers' compensation claim for injuries that occurred during her employment with Kaiser. The case was tried before Judge Robert W. Varnado, Jr., on March 22, 2000. Judge Varnado entered his judgment and reasons for judgment on April 14, 2000, awarding Ms. Everson $2,000 in penalties and $3,000 in attorney fees pursuant to LSA-R.S. 23:1201(E) and (F). Judge Varnado further held that Kaiser tacitly and/or impliedly authorized Ms. Everson's treatment with her treating physicians, and therefore, Kaiser is obligated for the payment of any medical expenses associated with that treatment. Kaiser now appeals this judgment.

FACTS
This case arose out of the July 5, 1999 explosion at Kaiser's Gramercy, Louisiana plant. Ms. Everson was an employee of the Kaiser plant at that time. She suffered various injuries from falling debris as a result of the explosion. Ms. Everson was initially treated at a local hospital's emergency room and then by one of Kaiser's company doctors. Eventually, Ms. Everson started seeing Maria Palmer, M.D., a neurologist, and C.B. Scrignar, M.D., a psychiatrist.
Although many of the facts in this case are disputed, the WCJ made the following findings, inter alia, at trial:
1) On July 10, 1999, Ms. Everson notified Kaiser that she was seeing Dr. Palmer and Dr. Scrignar, and on July 30, 1999, a claim was filed regarding the treatment by Drs. Palmer and Scrignar.
2) On August 25, 1999, Ms. Everson's medical bills were personally given to representatives of Kaiser.
3) Between August and December of 1999, there was numerous correspondence exchanged between Ms. Everson's attorney and representatives from Kaiser regarding Ms. Everson's medical treatment.
4) Ms. Everson submitted sufficient notice to Kaiser and the employer's duty to reimburse was triggered by this knowledge. Furthermore, there was sufficient documentary evidence to establish Ms. Everson's entitlement to have these bills paid or denied by Kaiser.

DISCUSSION

Standard of Review
In a workers' compensation case, the standard of review is the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). A reviewing court may not set aside a trial court's findings of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Reasonable evaluations of credibility and inferences *546 of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State of Louisiana, Department of Transportation and Development, 617 So.2d 880 (La.1993).

Reimbursement of Medical Expenses
One of the issues in this case is whether Ms. Everson's attorney, Robert Becnel, is entitled to reimbursement of Ms. Everson's medical expenses for treatment with her treating physicians, Dr. Palmer and Dr. Scrignar. Kaiser submits that it is not obligated to reimburse Mr. Becnel for medical expenses that he incurred on behalf of his client where Kaiser was not provided with the appropriate medical bills under the medical reimbursement schedule.
To first address whether an attorney or anyone else may advance a client medical expenses, we note that LSA-R.S. 23:1212 provides as follows:
Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses.
This medical expenses offset provision is intended to prevent double recovery by an injured employee. Kaiser asserts that because Mr. Becnel paid for Ms. Everson's expenses, Ms. Everson's claim against Kaiser is now extinguished. However, we see no manifest error in the WCJ's finding that Kaiser approved the treatment provided by Drs. Palmer and Scrignar. As such, Kaiser is now obligated to reimburse Mr. Becnel for the medical expenses associated with that treatment.
Turning now to the issue of the billing procedure, Kaiser contends that it should only be obligated to pay any amounts necessary under the medical reimbursement schedule. Under LSA R.S. 23:1034.2, the Office of Workers' Compensation established a reimbursement schedule for all medical services, drugs and supplies that may be provided to an injured employee. Under subsection (D) of that statute, any fees in excess of the reimbursement schedule shall not be recoverable against the employee, employer or workers' compensation insurer. The medical reimbursement schedule provides for a certain form, the HCFA 1500, to be used by health care providers for billing services provided to injured employees. Kaiser maintains that they made numerous attempts to obtain these forms from Drs. Palmer and Scrignar, but neither doctor would submit them. Kaiser claims that the doctors continued to forward their own medical reports and bills.
Mr. Becnel seeks reimbursement for the full amount he spent on Ms. Everson's treatment. Kaiser contends that they should not be responsible for any amounts above what would be allowed under the medical reimbursement schedule. There is conflicting testimony in the record as to whether the coded forms were ever sent out by Kaiser or the doctors, and whether the bills that actually were sent by the doctors do indeed contain codes used in the HCFA 1500.
Regardless of these factual disputes, we find that the WCJ was not manifestly erroneous in concluding that Kaiser not only authorized Ms. Everson's treatment with these doctors, but was also aware of the amounts of these medical bills through correspondence. From this conclusion, we turn to LSA-R.S. 23:1201, which unequivocally and without exception states as follows:
Medical benefits payable under this Chapter shall be paid within sixty days *547 after the employer or insurer receives written notice thereof.
The question now turns to whether Kaiser complied with this statute. According to Kaiser, the medical expenses were not paid within sixty days because Kaiser was not provided sufficient notice. We find this argument lacks merit. Regardless of whether the forms were HCFA 1500 forms, Kaiser was aware that Ms. Everson was being treated by Dr. Palmer and Dr. Scrignar. Ms. Everson submitted sufficient notice to Kaiser that she was undergoing treatment for her injuries.
Again, Kaiser's response is that the medical bills reflecting the services provided did not comply with the medical reimbursement schedule. However, we find the decision in Ward v. Phoenix Operating Company, 31, 656 (La.App. 2 Cir. 2/24/99), 729 So.2d 109, instructive in this regard. In Ward, the insurer failed to authorize the requested medical treatment within sixty days. The insurer claimed that the employer delayed in undertaking utilization review to determine whether certain diagnostic testing recommended by the treating physician should be approved. The Second Circuit held that relying on utilization review was not a valid justification to excuse authorization within the applicable sixty-day time period. Similarly, we see no justification in the present case. As stated by the WCJ:
The defendant herein, had knowledge of the claimant's treatment by Dr. Scrignar and Dr. Palmer through both verbal and written communications and through pleadings and discovery filed in connection with this claim. This treatment was never disallowed or denied by the defendants.
We see no manifest error in this conclusion, and find that Kaiser is obligated for payment of Ms. Everson's medical expenses associated with her treatment by Dr. Palmer and Dr. Scrignar.

Penalties and Attorney fees
The workers' compensation judge assessed a penalty in the amount of $2,000, and awarded Ms. Everson $3,000 in attorney fees in connection with the necessity of bringing this action. Kaiser challenges this judgment on appeal.
A WCJ is given great discretion in finding that penalties are due and this discretion will not be overturned unless it is clearly wrong. Harvey v. BE & K Construction, 30,285 (La.App. 2 Cir. 8/19/98), 716 So.2d 514. The underlying reason for the workers' compensation provisions allowing the imposition of penalties and attorney fees for the arbitrary and capricious withholding of benefits is to combat the indifference by employers and insurers toward injured employees. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382.
Pursuant to LSA-R.S. 23:1201(F), an employer's or insurer's failure to provide authorized payment to an injured worker shall result in the assessment of a penalty not exceeding the amount of two thousand dollars ($2,000), and/or reasonable attorney fees. Subsection F further provides that "Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault."
Kaiser claims that the non-payment of Ms. Everson's medical expenses or non-reimbursement to Mr. Becnel occurred because of conditions over which it had no control, and therefore, the penalty assessed is manifestly erroneous. Kaiser adds that the treating physicians failed to cooperate in that they did not forward the proper medical forms. Kaiser further argues that it made reasonable attempts to obtain the proper forms so that it could *548 ascertain the proper amount owed under the medical reimbursement schedule.
In response, we are not convinced that it is Ms. Everson's or her attorney's responsibility to acquire the appropriate billing information in this case, especially in light of the fact that Kaiser had medical authorizations that allowed them to obtain the requested information. While both parties cast the blame on the other and there is conflicting testimony in this regard, we see no manifest error in the WCJ's decision to award Ms. Everson penalties and attorney fees.

CONCLUSION
For all of the above reasons, the decision of the Office of Workers' Compensation in favor of Ms. Everson is hereby affirmed. Kaiser is obligated to pay her medical expenses associated with the treatment provided by Dr. Palmer and Dr. Scrignar. Furthermore, the penalty assessed and attorney fees awarded are affirmed also.
AFFIRMED