# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1061

GERARD PERRON

VERSUS

ST. LANDRY PARISH ECONOMIC INDUSTRIAL DEVELOPMENT
DISTRICT

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 01-09126,
HONORABLE JAMES L. BRADDOCK
WORKERS' COMPENSATION JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion,
Judges.

**AFFIRMED.**

Patrick C. Morrow
James S. Gates
Morrow, Morrow, Ryan & Bassett
P. O. Drawer 1787
Opelousas, LA  70571
(337) 948-4483
COUNSEL FOR PLAINTIFF/APPELLEE:
    Gerard Perron

Dannie P. Garrett, III
707 North 7th Street
Baton Rouge, LA  70802
(225) 343-2835
COUNSEL FOR DEFENDANT/APPELLANT:
    St. Landry Parish Economic Industrial Development District

PETERS, J.

In this workers' compensation case, St. Landry Parish Economic Industrial Development District (St. Landry) appeals a judgment awarding its employee, Gerard Perron, penalties and attorney fees for its failure to timely pay certain physical therapy bills. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

On January 26, 2001, Mr. Perron was injured in a motor vehicle accident that occurred in the course and scope of his employment with St. Landry. As a result, he incurred various medical expenses. On December 12, 2001, Mr. Perron filed a 1008 claim seeking payment of those expenses.

Thereafter, on July 2, 2002, September 3, 2002, and November 8, 2002, Mr. Perron made written demand on St. Landry through its third-party administrator, Management Services USA (Management Services), for the payment of physical therapy expenses with LCM Physical Therapy (LCM). St. Landry acknowledged receipt of the LCM bills and did not dispute either the reasonableness or the necessity of those bills. Rather, St. Landry did not immediately pay the bills because they were not "on the proper form," specifically an "HCFA 1500" form.

Carolyn Domango, a claims adjuster for Management Services, testified that medical bills are sent to Rehab Review, a separate entity that processes the bills for Management Services. According to Ms. Domango, when the LCM bills were sent to Rehab Review, it returned the bills and requested that they be submitted on the HCFA 1500 form. However, no correspondence or other documentation to that effect was submitted into evidence regarding LCM. Not until February of 2003 did Ms. Domango personally contact someone with LCM and request completion of the HCFA 1500 forms. At that time, LCM completed the forms and submitted the bills

as requested. On February 14, 2003, and March 18, 2003, St. Landry, through Management Services, paid the LCM bills.

Although the LCM bills were finally paid, the case proceeded to trial on the issue of penalties and attorney fees for the failure to timely pay them. The WCJ rendered judgment ordering St. Landry to pay penalties in the amount of $2,000.00 and attorney fees in the amount of $3,500.00. St. Landry has appealed, asserting the following assignments of error:

1. The Trial Court improperly relied upon an unpublished opinion.
2. The Trial Court failed to apply the law as set forth in the most recent reported appellate decision of *Kaiser v. Western-Southern Insurance Company*, 01-1393 (La. App. 5th Cir. 5/15/02) 821 So2d 52, which holds that penalties and attorney fees for failure to timely pay medical benefits are not appropriate when the medical bills are not properly submitted.
3. The Trial Court failed to follow the controlling Third Circuit opinion of *Mitchell v. Dixie Roofing and Sheet Metal Company*, 95-288 (La. App. 3d Cir. 10/4/95) 663 So2d 222, which holds that an award of penalties and attorney fees to a claimant are [sic] not appropriate if the claimant suffered no ill effects from the failure to timely pay healthcare providers.

Mr. Perron has requested in his appellee brief additional attorney fees for work done on appeal.

**OPINION**

Louisiana Revised Statutes 23:1201(E) provides: "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." The employer is subject to the payment of penalties and attorney fees for the failure to timely pay medical benefits unless the claim is reasonably controverted or the nonpayment results from conditions over which the employer had no control. La.R.S. 23:1201(F)(2).

2

It is undisputed that St. Landry received written notice of the LCM bills and a demand for payment, yet it did not pay those bills within sixty days of receipt thereof. St. Landry urges that its sole reason for failing to do so was LCM's lack of compliance with Louisiana Administrative Code 40:5153(C), which provides:

> Health Care providers are required to report treatment to the carrier/self insured employer on the:
> 1.    HCFA 1500 form;
> 2.    UB-92; or
> 3.    ADA - Dental Form.

St. Landry contends that Louisiana Administrative Code 40:5153(C) is mandatory and that the WCJ improperly relied on an unpublished opinion to hold otherwise. St. Landry requests that the judgment at least be vacated on that ground alone. Further, St. Landry contends that the WCJ erred in failing to apply *Kaiser v. Western-Southern Insurance Co.*, 01-1393 (La.App. 5 Cir. 5/15/02), 821 So.2d 52, to hold that penalties and attorney fees for failure to timely pay medical benefits are not appropriate where the medical bills are not properly submitted.

In *Kaiser*, the WCJ denied certain medical expenses to the employee on the basis that there was no evidence that the expenses were connected to the work injury at issue and on the basis that the expenses were not presented to the employer on the mandatory HCFA 1500 form. The fifth circuit found "no manifest error in the [WCJ's] ruling that the [employee] is not entitled to reimbursement for those unsupported or improperly submitted medical bills." *Id.* at 60.

On the other hand, the WCJ in the present case relied in part on a case that, at the time of his reasons for judgment, had not yet been released for publication in the permanent law reports such that it was subject to revision or withdrawal. A designation that an opinion has not yet been released for publication in the permanent law reports is not tantamount to a designation that the opinion is not for publication.

3

Indeed, the case relied on by the WCJ is for publication as follows: *Nuzum v. TCI Turner Corp.*, 02-1232 (La.App. 1 Cir. 3/28/03), 857 So.2d 520.

In *Nuzum*, the WCJ found that the employer did not have grounds to require completion of an HCFA 1500 form prior to forwarding payment for numerous medical bills, which resulted in the untimely payment of those bills, and therefore awarded penalties and attorney fees. On appeal by the employer, the first circuit concluded:

> [T]he Workers' Compensation Act does not provide for a specific procedure for how employers receive bills. The Act does refer to the Louisiana Administrative Code regarding the reimbursement schedule, but the Louisiana Administrative Code does not control in terms of procedure. Whereas in *Kaiser*, the fifth circuit referred to the form as a required form, other Louisiana jurisprudence [*Spencer v. Gaylord Container Corp.*, 96-1230, p. 15 (La.App. 1 Cir. 3/27/97), 693 So.2d 818, 829)] has allowed written notice, as required under La. R.S. 23:1201(E), to be any notice, such as receiving a medical bill from the worker himself or a written request from his counsel. As a result, we decline to find that under the Workers' Compensation Act, an employer's sixty day time period does not begin to run until it receives an HCFA form from the physician.

*Id.* at 525.

Thus, the first circuit affirmed the award of penalties and attorney fees, determining in part that the employer could not "use the fact that they did not receive HCFA 1500 forms as a reasonable basis for not paying medical bills, when they received written notice through counsel." *Id.* at 526.

The WCJ in the instant case additionally relied on *Everson v. Kaiser Aluminum & Chemical Corp.*, 00-1264 (La.App. 5 Cir. 3/28/01), 783 So.2d 544, in which the employer did not pay certain medical expenses, maintaining that it had made numerous attempts to obtain HCFA 1500 forms from certain physicians but that the physicians would not submit the forms. The fifth circuit affirmed an award of penalties and attorney fees for the employer's failure to pay those medical expenses,

4

noting: "[W]e are not convinced that it is [the employee's] or her attorney's responsibility to acquire the appropriate billing information in this case, especially in light of the fact that [the employer] had medical authorizations that allowed them to obtain the requested information." *Id.* at 548.

We agree with the holdings in *Nuzum* and *Everson*. We additionally note that, in the instant case, the LCM bills submitted to St. Landry already contained much of the information required by the HCFA 1500 form pursuant to Louisiana Administrative Code 40:5111(C), such as Mr. Perron's full name and address; the correct date of injury; the diagnosis codes; the dates of the visits, the services rendered, and the charges for the services; LCM's complete name and address; and LCM's identification number. The bills did not contain Mr. Perron's social security number, St. Landry's name and address, the name of St. Landry's third-party administrator for the claim, and the date the disability began. While Louisiana Administrative Code 40:5111(C) provides for the inclusion of such information as well, clearly St. Landry did not need LCM to provide St. Landry with St. Landry's and its third-party administrator's own information. Further, St. Landry had Mr. Perron's social security number and knew the date of the injury (disability is not at issue) as demonstrated on its own explanation-of-review form. Having all of the information required and not disputing the reasonableness or the necessity of the LCM bills, St. Landry cannot be heard to complain that its failure to timely pay the medical bills resulted from conditions over which it had no control. To hold otherwise under the facts of this case would be to exalt form over substance.

Nevertheless, St. Landry contends that, because there is no evidence that Mr. Perron suffered any hardship or denial of benefits as a result of its untimely payment of the LCM bills, he should not be allowed to collect penalties and attorney fees,

5

citing *Mitchell v. Dixie Roofing & Sheet Metal Co.*, 95-288 (La.App. 3 Cir. 10/4/95), 663 So.2d 222.

In *Mitchell*, we reversed an award of attorney fees for the employer's failure to pay medical expenses. While recognizing that the employer did not deny that it owed payment for the medical expenses incurred, we found that the employee had never been denied any medical care for which the expenses were incurred and that the healthcare providers were the only parties aggrieved by the employer's failure to timely pay the medical bills. We pointed out that the employee had not had to collect money for the medical expenses because he had not had to pay for them and that he had not been sued or harassed by the healthcare providers for the employer's failure to pay the medical expenses. We explained: "Awarding attorney's fees in this case does not help the injured worker, makes no contribution to the purpose of the worker's compensation law or the improvement of its administration, and does not serve the ends of justice." *Id.* at 226. Thus, we reversed the award of attorney fees for the failure to pay medical expenses.

However, in *Ware v. Allen Parish School Board*, 02-1011, p. 17 (La.App. 3 Cir. 5/21/03), 854 So.2d 374, 384, we reversed the WCJ's failure to award penalties and attorney fees in connection with a claim for medical benefits where the WCJ found that the employee "was neither denied treatment nor dunned for payment by the medical provider." In so doing, we acknowledged our prior holding in *Mitchell*, 663 So.2d 222, but noted:

> However, in a later supreme court case, *Daugherty v. Domino's Pizza*, 95-1394, p. 14 (La.5/21/96), 674 So.2d 947, 956, the court stated:
> Where the fact of late payment is uncontradicted and an employer fails to show that the late payment resulted from conditions over which the employer had no control or that the employee's right to have the bill paid by the employer

is controverted, La.R.S. 23:1201 and 1201.2[1] mandate an award of penalties and attorney's fees. *See, e.g. LaHaye v. Westmoreland Casualty Co.*, 509 So.2d 748 (La.App. 3rd Cir.1987).

Thus, we awarded penalties and attorney fees where the employer did not show that its late payment of medicals was due to conditions beyond its control.

Indeed, La.R.S. 23:1201 does not contain a provision requiring prejudice or actual loss to the employee. Thus, we find no error in the WCJ's award of penalties and attorney fees for the untimely payment of the LCM medical bills, and we therefore affirm.

Finally, Mr. Perron requests additional attorney fees for work done on appeal. However, while he has asserted a claim for such in his appellee brief, we do not have before us an answer to the appeal by Mr. Perron. Thus, we are precluded from reviewing Mr. Perron's request for additional attorney fees. *See Ben v. Holtrachem, Inc.*, 00-635 (La.App. 3 Cir. 11/2/00), 772 So.2d 326.

## DISPOSITION

For the foregoing reasons, we affirm the judgment below in all respects. We assess costs of this appeal to St. Landry Parish Economic Industrial Development District.

**AFFIRMED.**

---

[1]We note that La.R.S. 23:1201.2 was repealed by 2003 La. Acts No. 1204, § 2. Its substance now appears in La.R.S. 23:1201(I).