# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 08-137

**CHARLES L. ERWIN, JR.**

**VERSUS**

**TOWN OF JENA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, DOCKET NO. 07-1244
HONORABLE JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

**Robert L. Beck, Jr.**
**Rivers, Beck, Dalrymple & Ledet**
**5208 Jackson Street Extension, Suite A**
**P.O. Drawer 12850**
**Alexandria, LA  71315-2850**
**(318) 445-6581**
**COUNSEL FOR APPELLEE:**
        **Charles L. Erwin, Jr.**

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**3700 Jackson Street, Suite 102**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**COUNSEL FOR APPELLANT:**
        **Town of Jena**

**COOKS, Judge.**

## STATEMENT OF THE FACTS

This workers' compensation case presents two issues for our review: (1) whether the Defendant is required to reimburse the claimant for travel expenses from Florida to Louisiana incurred for approved medical treatment; and (2) whether the Defendant is subject to penalties and attorney fees for failure to timely reimburse Claimant for pharmaceutical expenses incurred at Kirby's Family Pharmacy. The facts are as follows.

Charles L. Erwin, Jr. was a firefighter for the Town of Jena, Louisiana. He injured his neck, right shoulder and arm while fighting an early Christmas morning fire in 1999 when a staircase landing collapsed causing him to fall approximately fourteen feet in full firefighting gear. He underwent an anterior cervical diskectomy and decompression at C5-C6, with fusion and anterior plating. Mr. Erwin also had right shoulder surgery for an impingement syndrome with partial rotator cuff tear and a right ulnar nerve transposition surgery. The surgeries were performed in Alexandria, Louisiana by Dr. Mark Dodson, an orthopaedic surgeon.

Despite numerous surgeries, Mr. Erwin had persistent neck and shoulder pain and was referred for chronic pain management to Dr. Melanie Firman, an anesthesiologist specializing in pain management. Dr. Firman performed cervical facet injections which relieved some of the symptoms. After a series of cervical facet injections, Dr. Firmin suggested a cervical radiofrequency (RF) procedure. Since Dr. Firman did not perform the RF procedure, she referred Mr. Erwin to Dr. Sanjiv Jindia in Lafayette, Louisiana. Mr. Erwin first saw Dr. Jindia on April 7, 2004. The RF procedure was approved by the employer and scheduled for June 16, 2004. During this time period, Mr. Erwin and his wife were living in Jena but making plans to move

from Louisiana to Florida upon his wife's retirement. Mrs. Erwin had two brothers living in Florida at the time. In fact, on April 22, 2004, shortly after Mr. Erwin's first appointment with Dr. Jinda, the Erwins sold their home and moved into a retirement community in Florida.

In June 2004, Mr. Erwin, accompanied by his wife, flew from Florida to Louisiana for the procedure with Dr. Jindia. Mr. Erwin incurred travel expenses totaling $681.02, which were itemized by Mr. Erwin as follows:

Delta Airlines (round trip airfare to New Orleans) . . . . . . . . . . . . . . . . . . . . . $265.90
Airport shuttle (transportation to and from airport) . . . . . . . . . . . . . . . . . . . $ 80.00
Hertz rental car (transportation between New Orleans/Lafayette) . . . . . . . . $267.54
Hotel Acadian (hotel - night before surgery) . . . . . . . . . . . . . . . . . . . . . . . . $ 67.58

By letter dated July 19, 2004, Mr. Erwin's attorney presented documentation of his travel expenses to the risk manager for the Town of Jena. The Town declined to reimburse Mr. Erwin for his costs in traveling to Louisiana for the surgical procedure. Other than the single visit with Dr. Jindia for the RF procedure, Mr. Erwin did not travel between Florida and Louisiana for medical care. All post-operative care was conducted by Dr. Jindia over the telephone. Following the procedure, Mr. Erwin searched in Florida for another physician to take over his pain management protocol. Mr. Erwin was required to first see an orthopaedic specialist for a referral to a pain management specialist. Dr. Cesar Euribe ultimately assumed Mr. Erwin's pain management care. After approximately a year and one-half, the Erwins moved back to Louisiana because of issues regarding Mrs. Erwin's health insurance.

Mr. Erwin returned to Dr. Firman, who advised him that she was unable to resume his pain management care and referred him to Dr. Michael Dole, another pain management specialist. Dr. Dole's prescriptions were authorized by Defendant's risk manager for direct pay to the pharmacy. However, on November 10, 2006, the

pharmacist was unable to obtain authorization which required Mr. Erwin to pay for his prescription medications in the amount of $1,471.92. The prescriptions, a receipt from Kirby's Family Pharmacy in the amount of $1,471.92, and a copy of Mr. Erwin's personal check in that amount were forwarded to Risk Management, Inc. with a demand letter dated November 14, 2006. The letter was also faxed to Risk Management on that same day. Confirmation of the facsimile transmission was introduced into evidence at the hearing. Despite the requests, payment of the prescription medication was not forthcoming.

On February 12, 2007, Mr. Erwin filed a formal dispute for reimbursement of the pharmaceutical expenses, failure to pay travel expenses associated with medical treatment, statutory penalties, and attorney's fees. On March 21, 2007, after the claim was filed, Defendant forwarded reimbursement for the pharmaceutical expenses. However, Defendant denied responsibility for the travel expenses for medical treatment.

Following a hearing, the workers' compensation judge concluded Mr. Erwin's travel expenses in the amount of $681.02 were both reasonable and necessary and ordered the Defendant to pay the expenses. The workers' compensation judge found the Defendant failed to reasonably controvert the travel expenses associated with an approved medical procedure and assessed statutory penalties of $2,000.00 and attorney fees in the amount of $3,500.00. The workers' compensation judge denied Mr. Erwin's claims for statutory penalties and attorney fees for the failure to timely reimburse pharmaceutical expenses finding the letter and facsimile transmission were insufficient proof that demand for payment was made upon, and received by, Defendant. Defendant filed this appeal, asserting the workers' compensation judge erred in finding the travel expenses were reasonable and necessary and assessing

-3-

penalties and attorney fees.  Mr. Erwin answered the appeal asserting the worker's

compensation judge erred in failing to award penalties and attorney fees for failure

to timely reimburse pharmaceutical expenses.  Mr. Erwin is also seeking attorney fees

for work done on appeal.  For the reasons assigned below, we affirm the decision of

the workers' compensation judge awarding travel expenses and penalties and attorney

fees.  However, we find workers' compensation judge erred in failing to award

penalties and attorney fees for failure of the Defendant to timely reimburse Mr. Erwin

for pharmaceutical expenses.  We also award an additional $2,500.00 in attorney fees

for work done on appeal.

## LAW AND DISCUSSION

*Travel Expenses*

The Defendant asserts the workers' compensation judge erred in awarding Mr.

Erwin expenses incurred traveling from Louisiana to Florida for a medical procedure

approved by the employer and performed by a Louisiana physician.  An injured

employee is entitled to payment of necessary medical expenses once the employee has

established that he sustained a work-related accident causing personal injury.  La.R.S.

23:1203(A); *Tanner v. Int'l Maint. Corp.*, 602 So.2d 1133 (La.App. 1 Cir. 1992).

Additionally, the employer has a duty to furnish actual travel expenses reasonably and

necessarily incurred by the employee for required medical treatment.  La.R.S.

23:1203(D); *Young v. Hercules, Inc.*, 451 So.2d 109 (La.App. 3 Cir. 1984).

Louisiana Revised Statutes 23:1203(D) (emphasis added) provides, in relevant part:

> [T]he employer *shall* be liable for the actual expenses *reasonably and
> necessarily* incurred by the employee for mileage reasonably and
> necessarily traveled by the employee in order to obtain the medical
> services, medicines, and prosthetic devices, which the employer is
> required to furnish under this Section. . .

Under this provision, the test is whether the travel expenses incurred are reasonable

-4-

and necessary. *Scuderi v. Crazy Johnnie Café, Inc.*, 02-243 (La.App. 5 Cir. 10/16/02), 831 So.2d 1037.

In the present case, the RF procedure was recommended to Mr. Erwin as a necessary component of the medical treatment for his work-related injury. Following his 1999 accident, Mr. Erwin was under the care of several Louisiana physicians for over five years for persistent pain. There is no dispute that Defendant approved the procedure then scheduled to be performed by a Louisiana physician prior to Mr. Erwin's move to Florida. Defendant argues it was not reasonable for Mr. Erwin to proceed with a pre-approved medical procedure with a Louisiana physician once he moved to Florida. Defendant also contends Mr. Erwin could have waited until after the procedure to move to Florida or, alternatively, could have opted to have the procedure performed by a Florida physician. We disagree. It was reasonable for Mr. Erwin to continue with his treating physician in Louisiana for a one-time procedure rather than attempt to search for a physician in Florida to perform the RF procedure. The continuity of medical care and a treating physician's knowledge of the patient's history and complaints is of the utmost importance in achieving a desired medical outcome. Changing physicians in the middle of treatment is not always in the patient's best interest, and it is unreasonable to require a claimant to sever ties with a treating physician just prior to a pre-approved treatment especially, in this case, where travel from Florida to Louisiana for a one-time procedure is not unreasonably expensive or burdensome. Mr. Erwin documented his travel expenses which included air travel, car rental, and a hotel stay the night before the procedure. The ground mileage between Mr. Erwin's home in Florida and the physician's office in Lafayette is 1680 miles. At the medical reimbursement rate of $0.32 per mile, the cost for ground travel would have been $537.60 plus hotel expenses. Mr. Erwin's travel

expenses were $681.02. Moreover, the travel expenses he incurred were not for continuing medical treatment in Louisiana, rather the expenses were for a one-time procedure which was scheduled within weeks of his move from Louisiana and one which had already been authorized by the Defendant. Louisiana Revised Statutes 23:1203(D) merely requires that the travel expenses incurred be "reasonable." Requiring a claimant to begin the time-consuming and cost-consuming process of finding a new physician in Florida rather than undergo a pre-approved and scheduled procedure in Louisiana is not reasonable. *It is also noteworthy that the Defendant failed to pay anything toward the Claimant's travel expenses regardless of where incurred. Further, the Defendant failed to present any evidence as to what it considered to be a reasonable travel expense.* We agree with the workers' compensation judge that the expenses of $681.02 were both reasonable and necessary for medical treatment which was approved in Louisiana prior to Mr. Erwin's move.

*Prescription costs*

The record indicates on November 10, 2006, the pharmacist at Kirby's Family Pharmacy in Alexandria was unable to obtain authorization from the Defendant for prescription medications in the amount of $1,471.92. Mr. Erwin was required to pay for the prescriptions by personal check. Mr. Erwin's counsel sent a demand letter to the Defendant by regular mail and facsimile (fax) transmission. Copies of Mr. Erwin's personal check, the prescriptions, and a receipt for payment were sent with the demand letter and fax. The fax confirmation sheet indicated that the fax was sent at 9:11 a.m. on November 16, 2006. When the Defendant failed to make any reimbursement within the sixty day delay period, Mr. Erwin filed a formal disputed claim. At the trial, Mr. Erwin's counsel introduced a copy of the letter and the fax confirmation sheet into the record. Louisiana Revised Statutes 23:1201(E) provides

-6-

"[m]edical benefits payable under this Chapter *shall be paid* within sixty days after the employer or insurer receives written notice thereof." (Emphasis added.) Failure to pay timely subjects the employer to penalties and attorney's fees unless the claim is reasonably controverted or the nonpayment results from conditions over which the employer had no control. La.R.S. 12:1201(F)(2); *Perron v. St. Landry Parish Econ. Indus. Dev. Dis.*, 03-1061 (La.App. 3 Cir. 3/3/04), 867 So.2d 86, *writ denied*, 04-1502 (La. 10/1/04), 883 So.2d 1009. The workers' compensation judge denied penalties and attorney fees for failure to timely pay pharmaceutical expenses, finding a fax confirmation sheet was not proof of receipt of the claim. The workers' compensation judge stated:

> I would decline to award penalties and attorney's fees on the basis of a confirmation sheet. I don't wish to open the flood gates with the advanced technology of transmission of information through the airwaves, across fiberoptic cables or any other method. Since we're dealing with penalties that are harsh and require proof of receipt, I don't know anything about fax machines. I don't know if they're full of paper on the day that the fax was alleged to have made [sic], if there was a power outage. I just don't know those things. I don't know about a computer. I know how to turn it on and off, pretty much about it. I don't know how to access email. The reason I deny that is primarily because the case law simply says it's proof of receipt. I don't think a confirmation facsimile transmission confirmation meets that standard.

We find the fax transmission confirmation sheet was enough to create a presumption of receipt by the Defendant. "Facsimile transmissions are generally accepted as a vital means of communication in modern technological culture. As a result of the existence of this commonplace practice, the judicial world has recognized that fax transmissions are reliable and trustworthy for some purposes, subject to compliance with certain rules." *Brown v. Harrel*, 98-2931, pp. 1-2 (La.App. 4 Cir. 8/23/00), 774 So.2d 225, 231, *writ denied*, 00-2665 (La. 11/17/00, 774 So.2d 981 (Plotkin, J., concurring); La.Code Civ.P. art. 1313; La.R.S. 13:850. In this case, once the fax transmission confirmation sheet was placed into the record,

it was incumbent upon the Defendant to provide documentary evidence or testimony to rebut the presumption that their office received the demand for payment contained in facsimile transmission. The Defendant failed to offer any explanation for its failure to timely pay Mr. Erwin's pharmaceutical expenses. The Defendant did not present their normal business records, the testimony of the record keeper, or the actual claim file to show that the transmission was not received and it would have been their normal business practice to record or maintain evidence of such transmissions. "Where the fact of late payment is uncontradicted and an employer fails to show that the late payment resulted from conditions over which the employer had no control or that the employee's right to have the bill paid by the employer is controverted, [the statute] mandate[s] an award of penalties and attorney's fees." *Perron,* 867 So.2d at 90, *quoting Daugherty v. Domino's Pizza*, 95-1394, p. 4 (La. 5/21/96), 674 So.2d 947, 956. Accordingly, we reverse the decision of the worker's compensation judge and award statutory penalties in the amount of $2,000.00 and attorney fees of $2,500.00 for the failure of the Defendant to timely reimburse Mr. Erwin for pharmaceutical expenses. We also award Mr. Erwin's counsel an additional $2,500.00 in attorney fees for work done on appeal.

## DECREE

Based on the foregoing review of the evidence, we affirm the judgment of the workers' compensation judge awarding travel expenses of $681.02, statutory penalties of $2,000.00 and attorney fees of $3,500.00. We reverse the judgment of the worker's compensation judge and award additional statutory penalties in the amount of $2,000.00 and attorney fees of $2,500.00 for the failure of Defendant to timely reimburse Mr. Erwin for pharmaceutical expenses. We also award Mr. Erwin's counsel an additional $2,500.00 in attorney fees for work done on appeal.

All costs of this appeal are assessed to Defendant.

**AFFIRMED IN PART; REVERSED IN PART.**