STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 08-983


ACADIAN AMBULANCE SERVICE, INC.

VERSUS

JAMIE DARBONNE


********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 07-05589
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

********

BILLY HOWARD EZELL
JUDGE

********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED AS AMENDED..**

**John Glenn Fontenot**
**Attorney at Law**
**P. O. Box 1286**
**Eunice, LA 70535**
**(337) 457-1323**
**Counsel for Defendant/Appellee:**
**Jamie Darbonne**

**K. Wade Trahan**
**Ottinger Hebert, L.L.C.**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**Counsel for Plaintiff/Appellant:**
**Acadian Ambulance Service, Inc.**

**EZELL, JUDGE.**

In this appeal, Acadian Ambulance Service appeals the decision of the workers' compensation judge awarding Jamie Darbonne temporary total disability benefits (TTDs), ordering it to pay for a surgical procedure to be performed upon her, and awarding Mrs. Darbonne penalties and attorney fees for its failure to timely pay the above benefits. For the following reasons, we affirm the decision of the workers' compensation judge, as amended.

Mrs. Darbonne injured her shoulder on November 30, 2006, moving a patient from a bed to a stretcher while in the course and scope of her employment with Acadian. She sought treatment for the injury that very day and complained of various pain, numbness, and tingling in the arm from that time forward. Acadian initially paid workers' compensation benefits as well as the cost of Mrs. Darbonne's medical treatment. In December of 2006, Mrs. Darbonne saw orthopaedic surgeon Dr. Mark Field, who, based on a MRI, determined that she had a SLAP tear in her shoulder. Based on suspicion that she was misrepresenting the extent of her injury, Acadian halted TTDs on November 27, 2007, and refused to authorize the surgery Dr. Field said Mrs. Darbonne needed to repair her shoulder. Acadian filed the present La.R.S. 23:1208 action alleging Mrs. Darbonne made fraudulent representations with regard to her workers' compensation claim. Mrs. Darbonne filed a reconventional demand seeking penalties and attorney fees for the termination of TTDs and the denial of the surgery.

The workers' compensation judge heard the matter and found that Mrs. Darbonne did not commit fraud under La.R.S. 23:1208, that she remained entitled to TTDs retroactive to the date of termination, that Acadian should pay $2,000 in penalties for the arbitrary and capricious termination of TTDs, $2,000 in penalties for

1

the refusal to approve her surgery, and $10,000 in attorney fees for its conduct in this matter. From this decision, Acadian appeals.

Acadian asserts three issues on appeal: that the workers' compensation judge erred in finding Mrs. Darbonne did not violate La.R.S. 23:1208; that the workers' compensation judge erred in finding Acadian arbitrary and capricious in terminating TTDs and refusing the surgery; and that Mrs. Darbonne was entitled to attorney fees. Mrs. Darbonne answers the appeal, seeking additional attorney fees for work done on appeal.

Acadian first claims that the workers' compensation judge erred in denying its claim under La.R.S. 23:1208. We disagree. Louisiana Revised Statutes 23:1208 governs the parameters for determining if a claimant has committed fraud for the purpose of obtaining workers' compensation benefits. The applicable sections of that statute read as follows:

> § 1208. Misrepresentations concerning benefit payments; penalty
>
> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

Under the unambiguous and clear language of the statute, an employer claiming that an employee has violated La.R.S. 23:1208 must prove "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La. 9/5/95), 660 So.2d 7, 12. If the workers' compensation judge finds that all three of "these requirements are met, Section 1208 applies and its forfeiture

2

provisions must be enforced." *Id*. at 14.

The determination by a workers' compensation judge as to whether a claimant has willfully made a false statement for the purpose of obtaining workers' compensation benefits is a finding of fact and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313.

> The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous.

*Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La. 11/14/03), 858 So.2d 425 (citations omitted).

Moreover, we must keep in mind that La.R.S. 23:1208(E) is penal in nature. Any statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, 02-442, 02-478 (La. 1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

Acadian relies on a segment of video roughly two minutes long taken from seventy-two hours of surveillance video. The segment, notably short in light of the entire amount of videotape, shows rather inconsequential movements such as Mrs. Darbonne merely raising her arm over head, talking on the phone, or putting her hair in a ponytail. Acadian attempted to use this to not only bring their La.R.S. 23:1208 claim, but also to deny Mrs. Darbonne workers' compensation benefits.

3

Acadian claims that the statements and movements made by Mrs. Darbonne make the case analogous to *Jim Walter Homes, Inc. v. Guilbeau*, 05-1473 (La.App. 3 Cir. 6/21/06), 934 So.2d 239, wherein the claimant, a roofer, denied that he had been able to engage in roofing since his accident. Evidence proved that claimant to be lying, as video surveillance showed him doing just that. We however cannot find that the simple act of raising one's arm over one's head is akin to roofing a house.

Furthermore, by the time the video had been taken, Mrs. Darbonne had been placed on sedentary to light-duty work by her pain management specialist, Dr. Stephen Rees had been encouraged to do more with the arm; and she was on pain medication, which alleviated some of the pain she suffered. Acadian claims that Dr. Rees stated that in the surveillance video, she displayed more freedom of movement in the arm than she had indicated to him she was capable of. However, Dr. Rees also stated that in the video she carried the arm in a guarded manner, away from her body. The video may show some variance in the degree of pain Mrs. Darbonne suffered, but does not clearly show anything more than that. While Mrs. Darbonne may have exaggerated her pain level and/or understated the motions she could perform to some of her doctors, none of the doctors who examined her accused her of malingering. More importantly, there was a nonsubjective MRI finding of a SLAP tear to prove that she did, indeed, have an injury to her shoulder. Therefore, she did not need to commit the alleged fraud to be entitled to workers' compensation benefits.

The workers' compensation judge did not find any of Mrs. Darbonne's statements amounted to fraud in light of the video evidence. As there is nothing in the record which shows this finding to be manifestly erroneous, Acadian's assertion is without merit.

Acadian next claims that the trial court erred in finding that it was arbitrary and capricious in denying Mrs. Darbonne workers' compensation and medical benefits. Again, we disagree. Acadian again relies on what it believes is damning video of Mrs. Darbonne raising her arm and inconsistencies with that, her medical records, and deposition testimony. However, Acadian latches onto these inconsistencies while completely ignoring hard evidence that established Mrs. Darbonne's injury existed and that it required surgery. The record shows that, although Mrs. Darbonne's presentation of the injury was not textbook, there was an objective MRI finding of a SLAP tear in Mrs. Darbonne's shoulder. Her orthopaedic surgeon, Dr. Field, was convinced that Mrs. Darbonne required surgery.

Acadian, seeking a second opinion, sent Mrs. Darbonne to Dr. David Drez, who confirmed the finding of a SLAP tear. Not only did Dr. Drez not oppose Mrs. Darbonne having surgery, but after examining her and reviewing Dr. Field's notes, he felt that surgery would benefit Mrs. Darbonne. He noted in his report to Acadian that "fixation of her SLAP lesion could alleviate some of [her] symptoms and that surgery could be worthwhile in this patient. Thus, Acadian ignored the opinions of, not only Mrs. Darbonne's doctor, but also their own. Acadian relied on minor inconsistencies in Mrs. Darbonne's testimony and clinical presentation while ignoring objective evidence of injury. In doing so, Acadian acted arbitrarily and capriciously in terminating Mrs. Darbonne's TTDs and in denying her the surgery required to repair her injury. Again, there is no error in the workers' compensation judge's finding.

Acadian finally claims that the trial court erred in awarding Mrs. Darbonne penalties and attorney fees. Failure to pay timely subjects the employer to penalties and attorney fees unless the claim is reasonably controverted or the nonpayment

results from conditions over which the employer had no control. La.R.S. 12:1201(F)(2); *Perron v. St. Landry Parish Econ. Indus. Dev. Dis.*, 03-1061 (La.App. 3 Cir. 3/3/04), 867 So.2d 86, *writ denied*, 04-1502 (La. 10/1/04), 883 So.2d 1009. To determine whether the worker's claim has been reasonably controverted, a workers' compensation judge must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. *Brown v. Texas-LA Cartage, Inc.*, 98-1063 (La. 12/1/98), 721 So.2d 885. The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181.

Again, Acadian ignored evidence of actual injury and the opinion of its own doctor, as well as Mrs. Darbonne's treating physician, to terminate benefits and deny her surgery without any medical evidence to support their position. Their videotape evidence is, at best, lacking in the weight that would be required to reasonably counter Mrs. Darbonne's evidence of injury. The record available to the workers' compensation judge contained sufficient factual information from which to conclude that Acadian failed to pay Mrs. Darbonne workers' compensation benefits in a timely manner and that it failed to provide medical treatment as recommended by her treating physician. The award of attorney fees is not in error.

Mrs. Darbonne answers Acadian's appeal seeking additional attorney fees for work done on this appeal. After a review of the record and the work done on appeal by counsel for Mrs. Darbonne, we find that an additional award of $3,000 in attorney

6

fees is reasonable.  We, therefore, will award Mrs. Darbonne an additional $3,000 in attorney fees for successfully defending this appeal.

For the above reasons, we amend the judgment of the workers' compensation judge to reflect an additional award of $3,000 in attorney fees in favor of Mrs. Darbonne for the work necessitated by this appeal.  In all other respects, the judgment is affirmed.   Costs of this appeal are assessed against Acadian Ambulance.

**AFFIRMED AS AMENDED**.